A CERTIFIED TRUE COPY
ATTEST
By Mecca Thompson on Oct 08, 2008
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 08, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VELOCITY EXPRESS, INC., WAGE
& HOUR EMPLOYMENT PRACTICES
LITIGATION                                                      MDL No. 1978

### TRANSFER ORDER

**Before the entire Panel**: Common defendants Velocity Express Corp., Velocity Express, Inc., and Velocity Express Leasing, Inc. (collectively Velocity Express) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California or, alternatively, the Southern District of Texas. Plaintiffs in the three actions pending in California support centralization, but suggest the Central District of California as transferee district. Plaintiffs in the remaining five actions and one potential tag-along action support centralization, but suggest the Eastern District of Wisconsin as transferee district.

This litigation currently consists of eight actions listed on Schedule A and pending in seven districts, two actions in the Central District of California, and one action each in the Northern District of California, the District of Connecticut, the Southern District of Florida, the Western District of New York, the Western District of North Carolina, and the Eastern District of Wisconsin.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Wisconsin will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. While it is possible there are certain regional differences in the application of work rules, whatever differences exist do not negate the many common factual issues. All actions share factual questions arising from the classification of certain package delivery drivers as independent contractors rather than employees. On balance, centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the geographic dispersal of pending actions, as well as the nationwide business of Velocity Express, no particular district or region emerges as the focal point for this litigation. We are persuaded that the Eastern District of Wisconsin is an appropriate transferee forum for this litigation. It is a centrally located district with the time and resources to devote to this litigation.

---

[1] The Panel has been notified that an additional related action has been filed in the Middle District of Florida. This action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Wisconsin are transferred to the Eastern District of Wisconsin and, with the consent of that court, assigned to the Honorable William C. Griesbach for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

                                        PANEL ON MULTIDISTRICT LITIGATION

                                        _____
                                              John G. Heyburn II
                                                  Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | |

**IN RE: VELOCITY EXPRESS, INC., WAGE
& HOUR EMPLOYMENT PRACTICES
LITIGATION**                                                                     MDL No. 1978

## SCHEDULE A

<u>Central District of California</u>

Dwight Moses v. Velocity Express, Inc., et al., C.A. No. 2:08-3078
Heath Jobe v. Velocity Express, Inc., C.A. No. 5:07-1693

<u>Northern District of California</u>

Philip Jones, et al. v. Velocity Express Leasing, Inc., et al., C.A. No. 3:08-773

<u>District of Connecticut</u>

Aaron W. Grider, et al. v. Velocity Express Leasing, Inc., C.A. No. 3:08-82

<u>Southern District of Florida</u>

Guillermo Santacruz, et al. v. Velocity Express Corp., et al., C.A. No. 1:08-21591

<u>Western District of New York</u>

James Charles, et al. v. Velocity Express Corp., et al., C.A. No. 6:07-6610

<u>Western District of North Carolina</u>

Michael L. Carver, et al. v. Velocity Express Corp., et al., C.A. No. 1:07-407

<u>Eastern District of Wisconsin</u>

Gary L. Parizek v. Velocity Express, Inc., C.A. No. 1:08-478